|  |  |
|---|---|
| | |

**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR HOUX,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>GONZALES, *et al.*,<br><br>　　　　　　Defendants. | Case No. 1:24-cv-00132-BAM (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM, FAILURE TO OBEY COURT ORDER, AND FAILURE TO PROSECUTE<br><br>(ECF Nos. 6, 8)<br><br>**FOURTEEN (14) DAY DEADLINE** |

**I.     Background**

Plaintiff Victor Houx ("Plaintiff") is a civil detainee proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983. Individuals detained pursuant to California Welfare and Institutions Code § 6600 *et seq.* are civil detainees and are not prisoners within the meaning of the Prison Litigation Reform Act. *Page v. Torrey*, 201 F.3d 1136, 1140 (9th Cir. 2000).

On June 25, 2024, the Court screened the complaint and found that it failed to state a cognizable claim under 42 U.S.C. § 1983. (ECF No. 6.) The Court issued a screening order granting Plaintiff leave to file a first amended complaint or a notice of voluntary dismissal within

1

thirty (30) days.  (*Id.*)  The Court expressly warned Plaintiff that the failure to comply with the Court's order would result in a recommendation for dismissal of this action, with prejudice, for failure to obey a court order and for failure to state a claim.  (*Id.* at 8.)  On July 15, 2024, the Court granted Plaintiff's motion for an extension of time to file an amended complaint and extended the deadline to August 27, 2024.  (ECF Nos. 7, 8.)  Plaintiff was again warned that failure to comply with the Court's order would result in dismissal of this action, with prejudice, for failure to comply with a court order and for failure to state a claim.  (ECF No. 8, p. 2.)  Plaintiff failed to file an amended complaint or otherwise communicate with the Court, and the deadline to do so has expired.

## II.     Failure to State a Claim

### A.     Screening Requirement

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences."  *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility

2

1    standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

2        **B.**    **Plaintiff's Allegations**

3    Plaintiff is currently housed at Coalinga State Hospital, where the events in the complaint are alleged to have occurred. Plaintiff names as defendants: (1) Daniel Gonzales, Detective Police Services at Coalinga State Hospital, and (2) Steven Hurl, Investigator Police Services at Coalinga State Hospital. Plaintiff sues each individual in their "official capacity."

Plaintiff alleges violation of his Fourth Amendment right against illegal search and seizure. Plaintiff alleges that the Defendants investigated and arrested Plaintiff. Plaintiff was arrested on 1/7/2020 by both defendants and sent to Fresno County Jail. Plaintiff was released on 10/1/22 because the charges were dismissed by the District Attorney. Plaintiff alleges he was arrested on 1/7/2020 by the Defendants for violations of California Penal Code §182(a)(1) and Health and Safety Code §11379(a). Defendants searched Plaintiff's electronic accounts, such as PayPal, Facebook, and his email. Plaintiff was never served or given a search warrant that would have allowed the search of his accounts.

While Plaintiff was at Fresno County Jail, his attorney filed a Subpoena Duces Tecum on or about April 2022. The subpoena requested any and all search warrants involving the incident from 12-16-18 through 12-26-18 and proofs of service. Plaintiff's attorney never received a response to the subpoena. In August 2022, Plaintiff's attorney filed a Motion to Quash the Warrant and Suppress Evidence. Since no search warrant was ever produced, Plaintiff's attorney presented to the county an oral motion to dismiss. The People submitted on the oral motion to dismiss. The court granted the motion to dismiss, and Plaintiff was returned to Coalinga State Hospital.

Because of the actions of Defendants, Plaintiff was arrested and incarcerated in Fresno County Jail for 995 days, from January 7, 2020 through September 10, 2022. The DA dismissed the charges against Plaintiff. Plaintiff was assaulted with injury while in custody at the jail. Plaintiff was deprived of his annual Evaluations under the Sexually Violent Predator Act. Plaintiff suffered emotional turmoil and duress while in the Fresno County Jail.

///

Plaintiff seeks compensatory damages of $140 per day for each day of incarceration, compensatory damages for the assault injury suffered while incarcerated, emotional distress damages, and compensatory damages for loss of personal property.

**C.     Discussion**

Plaintiff's complaint fails to state a cognizable claim under 42 U.S.C. § 1983.

### 1.     Official Capacity

Plaintiff may not pursue his claims for monetary damages against the named defendants in their official capacities. "The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials in their official capacities." *Aholelei v. Dep't. of Pub. Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007) (citations omitted). However, the Eleventh Amendment does not bar suits seeking damages against state officials in their personal capacities, *Hafer v. Melo*, 502 U.S. 21, 30 (1991); *Porter v. Jones*, 319 F.3d 483, 491 (9th Cir. 2003), or suits for injunctive relief brought against state officials in their official capacities, *Austin v. State Indus. Ins. Sys.*, 939 F.2d 676, 680 n.2 (9th Cir. 1991). Thus, Plaintiff may only proceed in this action for monetary damages against defendants in their individual capacities.

### 2.     Fourth Amendment – Unlawful Arrest

A claim for unlawful arrest is cognizable under § 1983 as a violation of the Fourth Amendment, provided "the arrest was without probable cause or other justification." *Dubner v. City & Cty. of San Francisco*, 266 F.3d 959, 964 (9th Cir. 2001). To state a claim under § 1983 for false arrest and imprisonment, however, a plaintiff must allege facts "to demonstrate that there was no probable cause to arrest him." *See Cabrera v. City of Huntingdon Park*, 159 F.3d 374, 380 (9th Cir. 1998) (citing *George v. City of Long Beach*, 973 F.2d 706, 710 (9th Cir. 1992)). Probable cause "exists when under the totality of the circumstances known to the arresting officers, a prudent person would have concluded that there was a fair probability that [the person arrested] had committed a crime." *Barlow v. Ground*, 943 F.2d 1132, 1135 (9th Cir. 1991) (quoting United States v. Smith, 790 F.2d 789, 792 (9th Cir. 1986) ).

Here, Plaintiff appears to allege generally that there was no probable cause for his arrest. However, general, conclusory allegations are not sufficient to state a claim. Plaintiff's complaint

fails to allege facts to support a lack of probable cause for his arrest. A peace officer who arrests someone with probable cause is not liable for false arrest simply because the innocence of the suspect is later proved. *Pierson v. Ray*, 386 U.S. 547, 555 (1967). Plaintiff fails to allege facts to support that he was arrested without probable cause.

### 3. Fourth Amendment – Unreasonable Search

The Fourth Amendment provides that "the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated…." U.S. Const. amend. IV. This prohibition against unreasonable search and seizure extends to incarcerated prisoners and civil detainees. *Thompson v. Souza*, 111 F.3d 694, 699 (9th Cir. 1997) (prisoners); *Hydrick v. Hunter*, 500 F.3d 978, 993 (9th Cir. 2007) (civil detainees), judgment vacated on other grounds, 556 U.S. 1256 (2009). However, "'the reasonableness of a particular search [or seizure] is determined by reference to the [detention] [sic] context." *Hydrick*, 500 F.3d at 993 (alterations in original) (quoting *Michenfelder v. Sumner*, 860 F.2d 328, 332 (9th Cir.1988)).

For the Fourth Amendment to apply, there must be a reasonable expectation of privacy in the place that is invaded. *Espinosa v. City & Cty. of San Francisco*, 598 F.3d 528, 533 (9th Cir. 2010). The contours of an involuntarily confined civil detainee's right to privacy in his room and things in a secure treatment facility are unclear, but assuming Plaintiff retains any reasonable expectation of privacy at all in his living area and things at CSH, "it would necessarily be of a diminished scope given Plaintiff's civil confinement." *Warrior v. Santiago*, No. 1:16-CV-01504 AWI GSA(PC), 2018 WL 827616, at *4 (E.D. Cal. Feb. 12, 2018) (collecting cases). Thus, the reasonableness of the search involving a civilly detained individual is determined by reference to the detention context. *Hydrick*, 500 F.3d at 993. "SVPs have been civilly committed subsequent to criminal convictions and have been adjudged to pose a danger to the health and safety of others." *Id.* at 990. The government's legitimate interests in conducting a search of a civilly detained individual or his room mirrors those that arise in the prison context, such as the safety and security of guards and others in the facility, order within the facility, and the efficiency of the facility's operations. *Hydrick*, 500 F.3d at 993; *see also Jones v. Blanas*, 393 F.3d 918, 932 (9th

Cir. 2004).

It appears that Plaintiff's claim arises from a search of his electronic media which was initiated based on suspicion that Plaintiff had engaged in conduct which violated California Penal Code §182(a)(1) and Health and Safety Code §11379(a). Whatever diminished expectation of privacy Plaintiff may have in this room or electronics at CSH, it cannot extend so far as to encompass an expectation of privacy in remaining free from suspicion-based contraband searches. *See Bell v. Wolfish*, 441 U.S. 520, 557 (1979) ("It is difficult to see how the detainee's interest in privacy is infringed by the room-search rule. No one can rationally doubt that room searches represent an appropriate security measure . . . And even the most zealous advocate of prisoners' rights would not suggest that a warrant is required to conduct such a search."). Some courts have concluded civil detainees do not have a reasonable expectation of privacy in their rooms. *Pesci v. Budz*, 2012 WL 4856746, at *6 (M.D.Fla. Oct.12, 2012) (civil detainee did not have a reasonable expectation of privacy in his dormitory); *but see*, *Hoch v. Tarkenton*, 2013 WL 1004847, at *2 (E.D.Cal. Mar. 13, 2013) (finding cognizable Fourth Amendment claim arising from contraband search of civil detainee's hospital room where search unsupported by consent, warrant, probable cause, or reasonable suspicion). As a civil detainee, Plaintiff does not have a constitutional right to possess contraband. *See Gould v. Ahlin*, 2018 WL 1959545, at *11 (E.D. Cal. Apr. 25, 2018) (finding that a civil detainee did not have a reasonable expectation of privacy in possessing contraband).[1]

While Plaintiff alleges his electronic data was searched, and not his room, this may be a distinction without a difference. Plaintiff fails to allege that he has a reasonable expectation of privacy in his electronic data as a civil detainee based on the suspicion he had engaged in criminal conduct. It is also unclear from Plaintiff's complaint when, how, and why these searches were conducted and what justification Defendants provided for them.

///

///

---

[1] Plaintiff may not have a reasonable expectation of privacy in electronic devices because certain devices are contraband. *See* Cal. Code Regs. tit. 9, § 4350 (Contraband Electronic Devices with Communication and Internet Capabilities).

6

### 4. Due Process

It is unclear if Plaintiff is asserting a Due Process claim. The Due Process Clause protects against the deprivation of liberty and property without due process of law. *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). In order to invoke the protection of the Due Process Clause, a plaintiff must first establish the existence of a liberty or property interest for which the protection is sought. *Id.* Protected interests may arise from the Due Process Clause itself or from state law. *Id.* The Ninth Circuit has not addressed the precise standard to be applied to procedural due process claims brought by civil detainees; however, the Ninth Circuit has found that "individuals detained under the SVPA must, at a minimum, be afforded the rights afforded prisoners confined in a penal institution." *Hydrick*, 500 F.3d at 998. District Courts have applied the same standards for prisoners to civil detainees. *See e.g.*, *Koch v. King*, No. 1:15-cv-00438 SKO, 2017 WL 117790 (E.D. Cal. Jan. 11, 2017); *Cerniglia v. Price*, No. 1:17-CV-00753 AWI JLT(PC), 2017 WL 4865452 (E.D. Cal. Oct. 27, 2017); *Allen v. King*, No. 1:06-cv-01801-BLW-LMB, 2016 WL 4381288 (E.D. Cal. Aug. 16, 2016); *Smith v. Ahlin*, No. 1:16-cv-00138-SKO (PC), 2016 WL 5943920 (E.D. Cal. Oct. 12, 2016); *Johnson v. Knapp*, No. CV 02-9262-DSF (PJW), 2009 WL 764521, at *5-6 (C.D. Cal. Mar. 16, 2008).

Civil detainees have a protected interest in personal property. *Bell*, 441 U.S. at 554 (The Due Process Clause provides protection for convicted prisoners and pretrial detainees alike against the deprivation of their property without due process of law). In this context, the Due Process Clause protects [Plaintiff] from being deprived of his property without due process of law. *Wolff v. McDonnell*, 418 U.S. 539 (1974). An authorized, intentional deprivation of property is actionable under the Due Process Clause. However, a plaintiff has no due process claim based on an unauthorized deprivation of property by a state employee, whether intentional or negligent, if a meaningful state post-deprivation remedy for his loss is available. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984). California's tort claim process provides that adequate post-deprivation remedy.[2] *Barnett v. Centoni*, 31 F.3d 813, 816–17 (9th Cir. 1994) (citing Cal. Gov't Code §§

---

[2] The remedy is provided through California's Government Claims Act, Cal. Gov't Code § 810 *et seq.* Under the Government Claims Act, prior to filing an action against a state entity or its employees seeking money or damages, a plaintiff must timely file a notice of the claim with the appropriate agency. *See, e.g.*, Cal. Gov't Code § 905.2

810–895) ("[A] negligent or intentional deprivation of a prisoner's property fails to state a claim under section 1983 if the state has an adequate post deprivation remedy."); *see also Teahan v. Wilhelm*, 481 F. Supp. 2d 1115, 1120 (S.D. Cal. 2007); *Kemp v. Skolnik*, No. 2:09-CV-02002-PMP, 2012 WL 366946, at *6 (D. Nev. Feb. 3, 2012) (finding prisoner's alleged loss or destruction of newspaper, magazines, and books failed to state a Fourteenth Amendment claim pursuant to Hudson and noting that "[i]f Plaintiff wishes to recoup the value of the alleged lost materials, he will have to file a claim in small claims court in state court.").

If Plaintiff alleges that the confiscation of his property was unauthorized and intentional, Plaintiff has an adequate post-deprivation remedy under California law.

### III.     Failure to Prosecute and Failure to Obey a Court Order

#### A.     Legal Standard

Local Rule 110 provides that "[f]ailure . . . of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal." *Thompson v. Hous. Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See, e.g.*, *Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130–33 (9th Cir. 1987) (dismissal for failure to comply with court order).

In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Henderson v. Duncan*, 779

---

(providing that claims for money or damages against the state are to be filed with the Department of General Services except as otherwise provided); Cal. Gov't Code § 910 (specifying information that must be included in a notice of claim); Cal. Gov't Code § 911.2 (setting forth time within which a claim must be presented).

F.2d 1421, 1423 (9th Cir. 1986); *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988).

**B.     Discussion**

Here, Plaintiff's first amended complaint is overdue, and he has failed to comply with the Court's orders. The Court cannot effectively manage its docket if Plaintiff ceases litigating his case. Thus, the Court finds that both the first and second factors weigh in favor of dismissal.

The third factor, risk of prejudice to defendant, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor usually weighs against dismissal because public policy favors disposition on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction," which is the case here. *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted).

Finally, the Court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 at 132–33; *Henderson*, 779 F.2d at 1424. The Court's June 25, 2024 screening order and July 15, 2024 order granting Plaintiff's motion for extension of time expressly warned Plaintiff that his failure to file an amended complaint would result in a recommendation of dismissal of this action, with prejudice, for failure to obey a court order and for failure to state a claim. (ECF No. 6, p. 8; ECF No. 8, p. 2.) Thus, Plaintiff had adequate warning that dismissal could result from his noncompliance.

Additionally, at this stage in the proceedings there is little available to the Court that would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. As Plaintiff is proceeding *in forma pauperis* in this action, it appears that monetary sanctions will be of little use and the preclusion of evidence or witnesses is likely to have no effect given that Plaintiff has ceased litigating his case.

///

///

**IV.     Conclusion and Recommendation**

Accordingly, the Court HEREBY ORDERS the Clerk of the Court to randomly assign a District Judge to this action.

Furthermore, the Court finds that dismissal is the appropriate sanction and HEREBY RECOMMENDS that this action be dismissed, with prejudice, for failure to state a claim pursuant to 28 U.S.C. § 1915A, for failure to obey a court order, and for Plaintiff's failure to prosecute this action.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **September 10, 2024**               /s/ *Barbara A. McAuliffe*
                                          UNITED STATES MAGISTRATE JUDGE